[No. 44261.    En Banc.    December 16, 1976.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL STRIKER,
ET AL, *Petitioners.*

*Shafer, Mitchell & Moen, Steve Paul Moen,* and *William
L. Williams,* for petitioner Striker.

*Bangs & Castle* and *Judith Jeffers,* for petitioner Stone.

*Robert E. Schillberg, Prosecuting Attorney,* and *Randolph
L. Furman, Deputy,* for respondent.

ROSELLINI, J.—The court is asked to declare the speedy
trial requirements where there is a period of delay between
the filing of an information and the preliminary appearance
(or the date the defendant is held to answer).

In November 1975, the petitioners, being made aware that
certain of their business transactions were under investiga-
tion, went to the prosecutor's office and submitted to finger-
printing. They were accompanied by their counsel, to whom

they surrendered their passports, and whom they agreed to keep advised of their whereabouts. No arrests were made.

On January 19, 1976, the prosecutor filed informations charging both petitioners with grand larceny and securities fraud in the sale of real estate contracts. No warrant or summons was issued to bring the petitioners before the court, but one of them was requested to appear for arraignment on February 2. On that date, the court struck the arraignment from the calendar, for reasons undisclosed by the record. Both defendants were later arraigned. Their timely motions for dismissal, filed after April 28, 1976, were denied, the court being of the opinion that the only applicable date from which the time for trial must be calculated under CrR 3.3[1] is the date of the preliminary appearance. We granted the petitioners' application for a writ of certiorari.

CrR 3.3(b) provides: "**Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance."

Paragraph (d) provides for periods to be excluded in calculating the time in which a prosecution must be brought to trial. Periods of delay resulting from a defendant's absence are excluded under CrR 3.3(d)(5).

The rules contemplate that when an indictment or information is filed, a warrant or summons shall be issued promptly, if the defendant is not already before the court. CrR 2.2. Prompt arraignment is required after the filing of the indictment or information. CrR 4.1. In short, the rules do not authorize a period of delay between the filing of an indictment and the arrest or summons of the defendant, where he is amenable to process. If the rules are followed,

---

[1]"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) [Criminal trials have] **Priority Over Civil Cases.** . . .

"(d) **Excluded Periods.** . . .

"(e) **Continuances.** . . .

"(f) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice." CrR 3.3.

the preliminary appearance will occur shortly after the indictment or information is filed, and a speedy trial will be afforded if the time is calculated from the date of the appearance.

Where, as here, the rules have not been followed and, through no fault or connivance of the defendant, a long period of delay has occurred between the filing of the information and the time the defendant is brought before the court, the question becomes: What is the applicable date from which to calculate the period in which he must be brought to trial?

The United States Supreme Court has said that the right to a speedy trial, guaranteed under the sixth amendment to the United States Constitution, which was made applicable to the states in *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967), attaches when an indictment or information is filed, or when the defendant is arrested and held to answer, whichever occurs earlier. *United States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971). This concept has been embodied in the *ABA Standards Relating to Speedy Trial* § 2.2 (Approved Draft, 1968), which provides the time for trial should commence to run from the date the charge is filed,[2] unless the

---

[2]"The standard indicates that if at the time of the filing of the charge the defendant is being held to answer—whether in custody or on bail or recognizance—'for the same crime or a crime based on the same conduct or arising from the same criminal episode,' then the time for trial commences running from the date the defendant was held to answer. In all other cases the time begins running as of the date the charge is filed. Charge means a written statement filed with a court which accuses a person of an offense and which is sufficient to support a prosecution; it may be an indictment, information, complaint, or affidavit, depending upon the circumstances and the law of the particular jurisdiction.

"For one thing, this means that in those cases where the defendant was indicted prior to arrest, or, where indictment is not required, a complaint, affidavit, or information was filed before arrest, the time runs from the date the charge was filed. This is currently the prevailing view, except in those few jurisdictions where the statutory language clearly does not allow such a result. Annot., 85 A.L.R.2d 980, 981 (1962). The standard reflects the majority view on the ground that delay following charge can operate to the disadvantage of the defendant

defendant has continuously been held to answer for the crime (or one based on the same conduct or arising from the same criminal episode) prior to the filing. According to an annotation in 85 A.L.R.2d 980 (1962), the time between the filing of the complaint and subsequent arrest is generally included in calculating the time for speedy trial purposes, either upon constitutional grounds or by statutory provision.

A majority of this court has twice indicated that the ABA standards should be consulted where a hiatus appears in CrR 3.3.

In *State v. Elizondo,* 85 Wn.2d 935, 540 P.2d 1370 (1975), it was held that if the defendant is arrested and released on bond, without a preliminary appearance, and the bond is exonerated before a charge is filed, the time between the exoneration of the bond and the filing of the information is not to be included in calculating the time limits of CrR 3.3. The majority opinion did not expressly state the time from which the calculation should begin, but the implication is that, under these circumstances, the time begins to run at the date of arrest, with the period between the exoneration of the bond and the filing of the charge being excluded. While a policy expressed in the ABA standard—that periods during which the defendant has not been held to answer, before the filing of the charge, should not be counted—was adopted, the standard itself was not. That standard would, in the circumstances of *Elizondo,* start the time running from the date the information was filed, thus excluding the period during which the defendant was held to answer, as well as the period during which the bond was exonerated.

The later case of *State v. Parmele,* 87 Wn.2d 139, 550 P.2d

even if he is not under arrest or otherwise restrained in his freedom. If the defendant is not arrested or otherwise notified of the charge, he is not prompted to seek out witnesses on his behalf when they might be available. Rost v. Municipal Court, 184 Cal. App. 2d 507, 512, 7 Cal. Rptr. 869, 873 (1960). Even though not arrested, if the defendant is notified of the charge, his period of anxiety over the pending prosecution has begun. In addition, if the public is notified of the charge, the defendant is from that time forward an object of public suspicion." *ABA Standards Relating to Speedy Trial* § 2.2(a) (Approved Draft, 1968), commentary at pages 18-19.

536 (1976), involved a slightly different procedural pattern. There, after a preliminary appearance, the defendant had been released on her personal recognizance, subject to certain conditions which the court held had been exonerated 2 weeks after her arrest. Some 3 months later, an information was filed. This court followed *State v. Elizondo, supra,* in sustaining the trial court's denial of the defendant's motion to dismiss, again citing the ABA standards. As in *Elizondo,* there was no statement designating the date from which the time period provided in CrR 3.3 should commence to run. Since the trial took place well within the 90-day **period, whether it was** calculated from the date of the preliminary appearance (excluding the period during which the defendant was not held to answer) or from the date the information was filed, the isolating of the date was not essential to the decision.

While those cases do not dispose of the question presented here, they point to a source which this court should consult for guidance where a situation arises which was not contemplated by the rules and not covered by a statute which is in harmony with the rules.

The ABA standards not only indicate that the time for bringing a case to trial should date from the filing of the indictment or information, where it is filed prior to arrest, but they also provide that failure to bring the matter to trial within the time limited should result in absolute discharge. *ABA Standards Relating to Speedy Trial* § 4.1 (Approved Draft, 1968). This latter standard has been expressly adopted by this court (CrR 3.3(b)).[3]

---

[3]The commentary to *ABA Standards Relating to Speedy Trial* § 4.1 (Approved Draft, 1968) states:

"The effect of discharge is often not dealt with explicitly in speedy trial statutes. Legislation in a few states declares that discharge is never a bar to subsequent prosecution, *e.g.,* N.D. Cent. Code § 29-18-06 (1959), the statutes in an equally small number of jurisdictions assert that discharge is a bar, *e.g.,* Fla. Stat. Ann. § 915.01 (1943), and a few other states allow subsequent prosecution only upon order of the court, *e.g.,* Ariz. R. Crim. P. 238. Close to a quarter of the states make discharge a bar only in misdemeanor cases, *e.g.,* Utah Code Ann. § 77-51-6 (1953). The somewhat ambiguous statutes in other jurisdictions have

■ Unless there is a statute which controls the disposition of the question presented (*see State v. Cummings*, 87 Wn.2d 612, 555 P.2d 835 (1976)), a due regard for the protection of the petitioners' constitutional rights, as well as considerations of policy in the administration of justice, compel us to the conclusion that where, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed.

■ Is there a controlling statute? The petitioners assert that RCW 10.46.010 controls in part, but only in part. That statute provides for dismissal of a criminal charge not brought to trial within 60 days, provided the defendant has not procured a postponement, and unless good cause to the contrary is shown. As this statute has been construed by the court, it does not require dismissal with prejudice. *State v. Christensen*, 75 Wn.2d 678, 453 P.2d 644 (1969); *State v. Brewer*, 73 Wn.2d 58, 436 P.2d 473 (1968). Upon this point, the petitioners insist that the statute has in fact been superseded by CrR 3.3(f). We note also that the time period provided in the statute is different from that provided in the rule, as well as the event which starts the time running. In short, the same subject matter is covered by the statute and CrR 3.3, and they treat that subject matter differently. Consequently, the two are in conflict and the statute is superseded. RCW 2.04.200, CrR 1.1. This fact was recognized in *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975). While the statute does not control the question presented, the fact

---

been read as barring or not barring subsequent prosecution, depending upon the precise language used. See Annot., 50 A.L.R.2d 943 (1956).

"The position taken here is that the only effective remedy for denial of speedy trial is absolute and complete discharge. If, following undue delay in going to trial, the prosecution is free to commence prosecution again for the same offence, subject only to the running of the statute of limitations, the right to speedy trial is largely meaningless. Prosecutors who are free to commence another prosecution later have not been deterred from undue delay. See, *e.g.,* Brummitt v. Higgins, 80 Okla. Crim. 183, 157 P.2d 922 (1945)."

that it dates the time for trial from the filing of the information is supportive of our decision here.

A speedy trial in criminal cases is not only a personal right protected by the federal and state constitutions (Const. art. 1, § 22), it is also an objective in which the public has an important interest. Some of the considerations which affect the interests of society generally are mentioned in a Note, *Speedy Trials: Recent Developments Concerning a Vital Right,* 4 Ford. Urb. L.J. 351, 353 (1976). The author states:

> A defendant in a criminal case can achieve definite advantages through delay. Once trial starts, stale cases are more easily challenged by defense attorneys on cross examination. Juries are often disenchanted with offenses that have occurred in the remote past. If prosecution witnesses become unavailable over long periods of time or prosecutorial ardor should wane, the guilty benefit at society's expense.
>
> Aside from affecting the probabilities of obtaining a conviction, the speedy trial right has significant impacts upon the quality of judicial action and the possibilities of future criminal conduct. The tendency to postpone trials adds to court congestion and the backlog of cases. To dispose of such backlog, plea bargaining is frequently utilized. In the interest of expediting matters accused persons receive lighter sentences than those they actually may have deserved. A second impact of delay is to weaken the deterrent effect that the criminal justice system should have on would-be criminals.
>
> Finally, the speedy trial right is intricately related to the needs of a well ordered society in several other respects. Guilty persons released on bail for too long tend to commit other crimes or flee the jurisdiction of the courts altogether. Defendants who are not bailed must spend "dead" time in local jails exposed to conditions destructive of human character. For those who are eventually found innocent, their potential to be contributing members of society through any kind of employment is lost during pre-trial incarceration. On the other hand, the possibility of rehabilitating those who are eventually found guilty is diminished since correction procedures cannot be started until after trial. These non-productive

conditions are achieved at a great financial expense to society.

(Footnotes omitted.)

We are assured by the prosecutor in this case that a delay such as that which occurred in this instance is so rare in his office that the occurrence can be termed almost unique, and that it was inadvertent. The petitioners do not claim that their defense was prejudiced by the delay. Nevertheless, past experience has shown that unless a strict rule is applied, the right to a speedy trial as well as the integrity of the judicial process, cannot be effectively preserved.

As we have observed earlier, the rules contemplate that if the indictment or information is filed before arrest, the accused will be promptly brought before the court if he is amenable to process. The rule we announce here applies only where, after the information has been filed, this procedure has not been followed. In order to protect the right of the accused, and in accordance with the manifest policy expressed in the rules, to discourage prosecutorial delays which are not approved by the court, we hold that in such circumstances a prosecution must be dismissed with prejudice on timely motion of the defendant, if it is not brought to trial within the time specified in CrR 3.3, after the information or indictment is filed. This holding is in harmony with the intent and spirit of the rules which are designed to afford a speedy trial.

The writs are granted and the prosecutions are ordered dismissed.

STAFFORD, C.J., and HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

Petition for rehearing denied March 14, 1977.