[No. 46817. En Banc. November 20, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. MARTIN R. CARPENTER, *Petitioner.*

*Cordes, Cordes & Younglove* and *Edward Earl Younglove III,* for petitioner.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Gary R. Tabor, Deputy,* for respondent.

DOLLIVER, J.—The issue here is whether defendant was denied a speedy trial pursuant to CrR 3.3. More specifically, it is the applicable date from which to calculate the period during which defendant must be brought to trial. Defendant contends the interpretation of CrR 3.3

announced in *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976), should apply and that the applicable date is the filing of the information. We agree and reverse.

The sequence of events is crucial to our determination. The chronological account of the facts is as follows:

April 1978. Sergeant Meier of the Olympia Police Department took statements from defendant concerning his possible involvement in the theft of certain articles of personal property.

May 5, 1978. Sergeant Meier telephoned defendant's attorney and asked him to arrange for defendant to come to the police station. Defendant went to the police station and met with the officer. However, because he lacked a warrant, the officer did not put defendant under arrest. Defendant was sent home and told to keep in touch. Defendant contended his attorney in a conversation with Sergeant Meier divulged that defendant was residing at the residence of Mr. and Mrs. McDonald in Olympia. Sergeant Meier testified he was aware of the McDonalds' residence but was unsure as to when and where he had received that information. On this date, it is unquestioned that defendant's residence at McDonalds' was known to his attorney and to the local office of probation and parole.

May 8, 1978. An information was filed charging defendant with second degree theft alleged to have occurred on February 3, 1978, in Thurston County. A warrant was received by Sergeant Meier for defendant's arrest. Within a couple of days, Sergeant Meier went to look for the defendant at the home of Terry Boggess with whom defendant had lived in the past. Boggess did not know of his whereabouts.

Mid–May 1978. Sergeant Meier finally called the McDonald residence, talked with Mrs. McDonald and left a message with her to have defendant call him; however, he did not tell Mrs. McDonald why he wanted defendant to call. Consequently, defendant called the Olympia Police Department although it was unclear whether he talked with Sergeant Meier.

May 16, 1978. Defendant told his attorney he had been in touch with the Olympia Police Department and that "things were going well".

June 6, 1978. Sergeant Meier again called Mrs. McDonald and advised her for the first time that defendant should come to the police station. Defendant went to the station the same day. He was arrested on a charge of second degree theft and released on his personal recognizance.

June 9, 1978. Despite defendant's continuing residence with the McDonalds, his notice of arraignment was sent to the former local address of his parents. His parents had moved to Texas in April.

June 20, 1978. Defendant failed to appear for his arraignment. A bench warrant was issued on June 22, 1978, defendant was arrested, and on June 23, 1978, appeared in court for the first time.

August 16, 1978. Defendant filed a motion and affidavit for an order to dismiss with prejudice on the basis of denial of a speedy trial. The motion was denied.

August 17, 1978. Defendant was tried and convicted of second degree theft.

■ Interpreting CrR 3.3 as it then existed and as it was in this case, we said in *State v. Striker, supra,* that where there is a "period of delay" between the filing of an information and the "time the defendant is brought before the court"; where the delay was caused "through no fault or connivance" of the defendant; and when the defendant is amenable to process, the date of the filing of the information will be the applicable date for counting of the 60 or 90 days under CrR 3.3.

Thus, there are four questions to be answered:

■ 1. Was defendant amenable to process? This term is nowhere defined in our rules or cases. However, both the *Oxford Dictionary* (1888) and *Webster's Third New International Dictionary* (1961) indicate amenable refers to whether a person is liable or subject to the law. The State at no time suggests the situation of defendant was otherwise. It does claim defendant to have been unavailable

because his presence could not be obtained—which claim we believe to be without merit—but that goes to the questions of delay and fault for the delay, and not as to whether defendant was subject to process.

■ 2. Was the delay between the filing of the information and the arraignment—45 days—sufficient to come under *Striker*? In *Striker*, we held 4 months was too long; in *State v. Anderson*, 94 Wn.2d 176, 616 P.2d 612 (1980), we found 7 days not long enough. The rule contemplates the accused will be brought promptly before the court after the filing of the information if amenable to process. *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976). By no reasonable standard can 45 days be considered prompt.

3. Did defendant "connive" to cause the delay? The State did not so allege and the trial court found there was no connivance by defendant which caused the delay.

■ 4. Was defendant at fault in causing the delay? We believe he was not. The defendant was under no duty to bring himself to trial. *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). From the record it is clear the Olympia Police Department knew how to reach the defendant. Sergeant Meier stated he was uncertain when he learned defendant was staying with Mr. and Mrs. McDonald even though defendant's attorney stated he advised the officer of this fact on May 5, 1978, the day defendant voluntarily came to the Olympia Police Department and saw Sergeant Meier. There is no testimony by the officer or anyone else that this information was divulged by anyone subsequent to May 5 and yet, in the middle of May, Sergeant Meier called the McDonald residence. The only reasonable inference is that the officer was aware at all times of defendant's location.

On June 8, 1978, when defendant did come to the police station after Sergeant Meier for the first time asked that he should come in, he was arrested and then released on his personal recognizance. If Sergeant Meier had any doubt as to defendant's availability or any suspicion he was avoiding arrest and perhaps getting ready to leave the area or go into

hiding, it hardly seems reasonable that he would have been released on his personal recognizance. We do not believe the delay to have been the fault of defendant nor was it so considered by the Olympia Police Department.

An examination of the record convinces us that neither Sergeant Meier nor the Olympia Police Department were knowingly engaged in delay or that they were being dilatory. It appears as if usual operating procedures were being followed and that, inadvertently perhaps, too much time elapsed. This lapse of time, however, brings the case within the bounds of *Striker*. And, as we noted in *Striker*:

> Unless there is a statute which controls the disposition of the question presented (*see State v. Cummings,* 87 Wn.2d 612, 555 P.2d 835 (1976)), a due regard for the protection of the petitioners' constitutional rights, as well as considerations of policy in the administration of justice, compel us to the conclusion that where, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed.

*Striker,* at 875.

The Court of Appeals is reversed and the information is dismissed with prejudice.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.