[No. 7488–9–III.   Division Three.   February 26, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY
HENRY KNAUFF, *Appellant*.

*Terence M. Ryan* and *Parkins, Ryan & Harkins,* for
appellant (appointed counsel for appeal).

*Philip W. Borst, Prosecuting Attorney,* for respondent.

MUNSON, J.—Larry Henry Knauff appeals his convictions

as an accomplice to three counts of second degree burglary, contending: (1) his speedy trial rights were violated; (2) there was insufficient evidence to support verdicts of guilty; and (3) the court erred in denying his motion for mistrial based on the prosecutor's references to certain of his prior convictions. We affirm.

On the night of June 26, 1984, three agricultural chemical supply companies, located in Harrington, Washington, were burglarized. Agricultural chemicals, primarily herbicide, were taken.

On April 25, 1985, Mr. Knauff was charged with one count of second degree burglary in connection with one of the burglaries. He allegedly acted as an accomplice by aiding, abetting, and counseling the individuals who actually burglarized one warehouse and stole the chemicals. A warrant for his arrest was issued on April 30.

At oral argument, counsel for both parties confirmed that from April through August, Mr. Knauff was first in the custody of Whitman County pending trial on burglary charges. See *State v. Knauff*, 46 Wn. App. 1067 (1987). During the remainder of that period, he was held in Spokane County on a similar charge. Lincoln County was advised on August 20 of Mr. Knauff's availability; he was served with an arrest warrant and transported back to Lincoln County that day; he was arraigned on September 3. At arraignment, he moved for dismissal pursuant to CrR 3.3(c) and (e), claiming the arraignment was untimely and that his right to a speedy trial had been violated. The court denied this motion; Mr. Knauff pleaded not guilty.

The State filed two new informations on September 11, each charging Mr. Knauff with an additional count of being an accomplice to second degree burglary arising from the other two June 26 Harrington burglaries. Trial was held on October 30 and 31, 1985; the jury found Mr. Knauff guilty on the three counts of second degree burglary. He moved for arrest of judgment or alternatively a new trial, alleging the prosecutor had made improper references to certain of his prior convictions. That motion was denied; judgment

and sentence were entered; this appeal followed.

Mr. Knauff initially asserts the trial court erred in failing to dismiss the April 25, 1985 information for violation of CrR 3.3,[1] the speedy trial rule. He maintains, relying on *State v. Baxter,* 45 Wn. App. 533, 726 P.2d 1247 (1986), that because of undue delay between the filing of the information and the date of arraignment, the speedy trial period commenced on the date the information was filed; therefore, by the date of trial, the speedy trial period had clearly elapsed. *State v. Carpenter,* 94 Wn.2d 690, 693, 619 P.2d 697 (1980); *State v. Alexus,* 91 Wn.2d 492, 495, 588 P.2d 1171 (1979); *State v. Peterson,* 90 Wn.2d 423, 427, 585 P.2d 66 (1978); *State v. Striker,* 87 Wn.2d 870, 877, 557 P.2d 847 (1976).

Mr. Knauff's reliance on the "undue delay" rule promulgated in those cases is misplaced; that rule is inapplicable where prior to arraignment, the defendant is held in custody pending preliminary proceedings and trial on other charges. CrR 3.3(g)(2); *State v. Bernhard,* 45 Wn. App. 590, 595, 726 P.2d 991 (1986), *review denied,* 107 Wn.2d 1023 (1987). Under that rule, the time period during which the defendant is in custody during the pendency of other criminal proceedings is excluded from the computation of the time of arraignment and the time for trial.

Here, Mr. Knauff was in custody outside Lincoln County until August 20, 1985, because of criminal proceedings pending in other custodial counties. On the day those pro-

---

[1]The 1980 version of CrR 3.3, currently in effect, provides:

"**(c) Time for Arraignment and Trial.**

"(1) *Cases Filed Directly in Superior Court.* If the defendant is detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed directly in superior court. If the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment."

ceedings ended, he was released into the custody of the Lincoln County authorities, who arraigned him by September 3. As he was brought to trial within 60 days of that date, no CrR 3.3 violation occurred. *See State v. Bernhard, supra.*

Mr. Knauff next contends there was insufficient evidence to support his convictions as none of the evidence directly linked him with the June 26, 1984 burglaries. The standard for determining the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Cummings,* 44 Wn. App. 146, 153, 721 P.2d 545, *review denied,* 106 Wn.2d 1017 (1986). Circumstantial evidence is as reliable as direct evidence. *State v. Hall,* 40 Wn. App. 162, 167, 697 P.2d 597, *review denied,* 104 Wn.2d 1001 (1985).

Here, the evidence, when viewed in the light most favorable to the State, demonstrates: (1) Mr. Knauff and another man, Donald White, planned and eventually set up a well organized burglary ring for the purpose of stealing agricultural chemicals throughout the Northwest; (2) Messrs. White and Knauff recruited the individuals who committed the actual burglaries in Harrington; (3) both provided the actual burglars with money, instructions on how to commit the burglaries, and alibis; (4) the stolen chemicals were to be shipped to California where Mr. Knauff was to dispose of them; (5) Mr. Knauff helped remove the identifying labels from the chemicals stolen from Harrington; and (6) Mr. Knauff, under an assumed name, sold chemicals similar to those stolen in Harrington to several farmers in Northern California 3 days after the burglary.

Although the State could not directly tie Mr. Knauff to the actual burglaries, Mr. White testified he and Mr. Knauff set up the burglary ring for the very purpose of insulating Mr. Knauff from the thefts. The State's circumstantial evidence tends to "'logically, naturally, and by reasonable inference . . . prove'" that he aided and abetted

in the commission of the burglaries. *Cummings,* at 153 (quoting *State v. Young,* 87 Wn.2d 129, 134, 550 P.2d 1 (1976)). The most damaging testimony was from Mr. White, an accomplice of Mr. Knauff's. However, the jury was instructed that such testimony should be viewed with caution; the jury apparently believed Mr. White. *See State v. Harris,* 102 Wn.2d 148, 153, 685 P.2d 584 (1984). The evidence was sufficient to convict.

Mr. Knauff finally contends the court erred in denying his motion to dismiss or alternatively grant a new trial based on the prosecution's reference to certain of Mr. Knauff's prior convictions during cross examination and closing argument. The record reveals the prosecutor cross–examined Mr. Knauff only with respect to those prior convictions brought out by Mr. Knauff's own counsel on direct. Mr. Knauff made no objection to any of the prosecution's questions or statements made during cross examination. There is no error with respect to those references.

During closing argument, the prosecutor stated: "He's . . . been convicted of four or five chemical–related thefts or grand larcenies." Mr. Knauff asserts this reference (1) misstated the number of his prior convictions and (2) violated the court's pretrial ruling prohibiting the use of the prior convictions for impeachment purposes pursuant to ER 609. First, the record reveals that Mr. Knauff had recently been convicted of four felonies connected with the theft of farm chemicals. Second, reference to those prior convictions was not prohibited by the court's pretrial ruling which allowed their use to show common plan or scheme under ER 404(b). Mr. Knauff does not challenge the propriety of the court's ruling allowing the introduction of these prior convictions for that purpose. When prior convictions are admitted as substantive evidence under ER 404(b), those same convictions are admissible for purposes of impeachment under ER 609(a). *State v. Laureano,* 101 Wn.2d 745, 766, 682 P.2d 889 (1984). Mr. Knauff does not allege introduction of the convictions constitutes prosecutorial misconduct. We find no error. Assuming the error was

in misstating the number of convictions by one, we find it was harmless error in light of the other evidence of guilt.

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Review denied by Supreme Court May 5, 1987.