[No. 17046–5–I.   Division One.   May 4, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT DONALD NELSON, *Appellant.*

*C. M. Hassenstab* of *Washington Appellate Defender Association*, for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

RINGOLD, A.C.J.—Robert Donald Nelson was convicted of possession of cocaine. He appeals arguing that his arraignment was untimely and that as a result his speedy trial right was violated.[1] We agree with Nelson and reverse and dismiss.

On August 16, 1983, the police executed a search warrant at 3922 Rucker Avenue in Everett. During the search Nelson was arrested. When Nelson was booked into jail he gave his address as 3201 16th Street in Everett. The next day Nelson was released without conditions. The order of release filed with the court listed Nelson's address as 3922 Rucker.

On December 23, 1983, the prosecutor filed an information charging Nelson with possession of cocaine with intent to deliver. A summons and notice to appear for a January

---

[1] In addition, Nelson contends that his constitutional rights were violated by a search pursuant to a warrant issued without probable cause. Because of our resolution of the speedy trial issue, we do not reach this question.

6, 1984 arraignment was sent to Nelson at the Rucker address on December 28, 1983. The summons was returned as undeliverable.

On February 1, 1984, a warrant was issued for Nelson's arrest because of his failure to appear at the arraignment scheduled on January 6, 1984. Nelson was arrested pursuant to this warrant on June 27, 1984. He was arraigned the following day, and trial was noted for September 11, 1984. Nelson objected to the setting of the trial date.

Nelson argued at the pretrial hearing that his arraignment date was untimely and that consequently his speedy trial rights were violated. The motions court denied Nelson's motion to dismiss. The trial court found Nelson guilty of the lesser included crime of possession of cocaine.

Nelson contends that he was available and yet not brought before the court for arraignment in a timely manner. Thus, he claims his trial date was beyond the time permitted by CrR 3.3. The State responds that Nelson did not apprise the trial court of the proper grounds for his objection to the trial date at the time of his arraignment.

Nelson objected to the trial date at arraignment by filing a form which cited CrR 3.3(d)(1)[2] as the basis for his objection. This rule does not pertain to the proper time for arraignment and did not inform the trial court of the argument he now raises on appeal. In *State v. Bernhard,* 45 Wn. App. 590, 600, 726 P.2d 991 (1986), this court held that unless the defendant apprises the trial court of the proper objection at the time of arraignment, it cannot be raised on appeal. The court stated, "The purpose of an objection is to inform the trial court of an alleged error in order to permit

---

[2]CrR 3.3(d)(1) states:

"A defendant who has been released from jail pending trial, pursuant to an order imposing conditions of release, but whose release is then revoked by order of the court, shall be brought to trial within such a time period that the defendant spends no more than a total of 60 days in jail following the date of arraignment, and in any event within such a time period that the defendant is tried not later than a total of 90 days after the date of arraignment unless the time period is otherwise extended by this rule."

timely correction of that error." *Bernhard,* at 600.

The trial court in *Bernhard* had dismissed the case even though a proper objection at arraignment had not been made, stating that, "[A] more specific objection at the time of arraignment would not in any case have permitted the State to schedule a trial within the parameters of CrR 3.3." *Bernhard,* at 599–600. This court reversed, because the trial court's conclusion that a proper trial date could not have been scheduled at the time of arraignment was based upon an erroneous interpretation of the exclusionary periods under CrR 3.3. *Bernhard,* at 600. If at the time of arraignment a proper trial date can be set, the rationale of *Bernhard* is applicable. For the reasons which follow, *Bernhard* does not preclude our consideration of the issue, though an improper objection was made.

In order to determine whether Nelson may raise his speedy trial issue on appeal, we must first decide if, at the time Nelson was arraigned, it was possible to schedule a trial date within the parameters of CrR 3.3.

After Nelson's first arrest he was released without conditions. The applicable time for arraignment under CrR 3.3-(c)(1)[3] was 14 days after his next appearance following the filing of the information. The information was filed on December 23, 1983. Nelson's next appearance was at his arraignment on June 28, 1984, 6 months later.

The problem presented here is that CrR 3.3 presupposes that a defendant will appear in court after the filing of the information, but before arraignment. That did not

---

[3]CrR 3.3(c)(1) provides:

"If the defendant is detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed directly in superior court. If the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment."

happen. In *State v. Striker,* 87 Wn.2d 870, 871, 557 P.2d 847 (1976), the Supreme Court discussed a similar situation stating:

> The rules contemplate that when an indictment or information is filed, a warrant or summons shall be issued promptly, if the defendant is not already before the court. CrR 2.2. Prompt arraignment is required after the filing of the indictment or information. CrR 4.1. In short, the rules do not authorize a period of delay between the filing of an indictment and the arrest or summons of the defendant, where he is amenable to process.

To remedy this problem, the court held that:

> [A] due regard for the protection of the petitioners' constitutional rights, as well as considerations of policy in the administration of justice, compel us to the conclusion that where, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed.

*Striker,* at 875.

Before applying the *Striker* rule requiring the speedy trial period to run from the filing of the information, a court must determine whether the delay between the filing of the information and the arraignment was unduly long. *State v. Carpenter,* 94 Wn.2d 690, 694, 619 P.2d 697 (1980); *State v. Baxter,* 45 Wn. App. 533, 536, 726 P.2d 1247 (1986). A 7–day delay is not long enough to invoke the *Striker* rule. *State v. Anderson,* 94 Wn.2d 176, 183, 616 P.2d 612 (1980). A delay of 45 days, however, is unduly long. *Carpenter.* Here we have a 6–month delay between the filing of the information and Nelson's arraignment. There are two types of exclusionary periods which may apply to excuse delay under the *Striker* rule.

First, any delay caused by the fault or connivance of the defendant is excluded from the *Striker* rule. *Baxter,* at 536–37. The State argues that Nelson should have informed the court at his initial appearance that an incorrect home

address was listed on Nelson's release order filed with the court. Nelson's trial attorney maintained that the police filled out the address and that he and his client were not aware that Nelson's home address was listed as 3922 Rucker. There is no evidence that Nelson saw this order or was made aware that the police wrote down the wrong address. We conclude, therefore, that there is no delay attributable to Nelson's fault or connivance.

Second, any period of time in which circumstances make it extremely difficult to identify and find the defendant should be excluded from the *Striker* rule. *Baxter,* at 537. In other words, any time period in which the defendant is "unavailable" may be excluded. *State v. Wirth,* 39 Wn. App. 550, 553, 694 P.2d 1113, *review denied,* 103 Wn.2d 1027 (1985). Unavailability "can be shown only if the prosecution demonstrates good faith and diligent efforts to obtain the availability of the defendant." *State v. Peterson,* 90 Wn.2d 423, 428, 585 P.2d 66 (1978); *accord, State v. Allen,* 36 Wn. App. 582, 587, 676 P.2d 501 (1983).

The State argues that it demonstrated the requisite effort to serve the defendant by sending a summons to the address where Nelson was arrested, because the police in good faith believed it was Nelson's residence. The State contends, therefore, that Nelson was unavailable until his second arrest and that his arraignment and trial were timely.

The police believed that Nelson lived at the Rucker Avenue address, because of evidence gleaned from two searches of the house. The police first searched the Rucker Avenue house in June, 1983. Nelson was not found there, but the police seized his wallet. Nelson retained counsel to recover his wallet and gave his attorney the Rucker Avenue address as his mailing address. During the second search of the house in August 1983, Nelson was present. The police discovered an envelope sent by Nelson's attorney to the Rucker Avenue address. During this second search the

police answered the telephone and several callers asked to purchase drugs from someone named "Bob." Ten persons were present, but Nelson was the only person named Bob.

Other evidence, however, indicates that Nelson did not reside at the Rucker Avenue address. The telephone bills, power records, and lease for the house were all in Sunny Robinson's name, who was also present during the second search. During this second search of the house, the police also found a wallet in an upstairs bedroom belonging to Dan Mather, Robinson's alleged boyfriend. Nelson's girl friend, Tracey Mather, was Dan Mather's sister.

At trial Nelson explained that he lived with his parents at the 16th Street address, the address he gave when he was booked. He stated that he gave the Rucker Avenue address to his attorney, because he did not want his father to know he was in trouble. Nelson admitted he had stayed at the Rucker Avenue address for a few days in June, but claimed he did not live there.

The State relies upon *State v. Perry*, 25 Wn. App. 621, 612 P.2d 4 (1980). In *Perry* the State sent a summons to the address given by the defendant at the time of his arrest. The summons was returned as undeliverable. *Perry*, at 622. The court held that even though the defendant could have been located through his attorney or through his parents, the State had met its burden of a diligent good faith effort. *Perry*, at 623.

Here the summons was not sent to the address given the police by Nelson. At a minimum one would expect the State to send the summons to the address furnished by a defendant. In *Wirth*, at 554, the court stated: "While we are acutely aware of the heavy load law enforcement agencies carry, they are *investigative* agencies, and have a duty to employ their investigative resources." Nelson was not unavailable, because the State did not exercise the minimum diligence required by *Perry*. Thus, the entire 6–month delay is to be considered without any exclusionary period.

The delay here is long enough to require the application of *Striker*. *See Baxter,* at 536. Thus, the time for trial is that specified in CrR 3.3, but calculated from the time the information was filed. *Striker,* at 877. As Nelson was released from jail without conditions, he should have been brought to trial within 90 days of the filing of the information. *Striker*; CrR 3.3(c)(1). This time period elapsed 3 months before Nelson was actually arraigned. Any objection at the time of arraignment would not have assisted the court in setting a time for trial within the parameters of CrR 3.3 and *Striker. Bernhard,* therefore, is inapplicable and the charges against Nelson should be dismissed. *See Wirth; Baxter.*

The judgment and sentence are reversed and the information is dismissed with prejudice.

SWANSON and WEBSTER, JJ., concur.

SWANSON, J. (concurring)—I concur in the result only because we are bound to follow *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). Given the application of *State v. Striker* to this case, as correctly pointed out in the majority opinion, the police had an obligation to act on the information they had. This they did not do. They had the address Nelson gave at the time of the booking, 3201 16th Street in Everett. Police failed to act on this information and therefore Nelson cannot be considered unavailable.

I must add that I share the views expressed by Judge Reed in his concurring opinion in *State v. Wirth,* 39 Wn. App. 550, 555, 694 P.2d 1113, *review denied,* 103 Wn.2d 1027 (1985), where he stated,

> I confess I always have had difficulty with the concept that delay between filing an information and defendant's arrest in some way harms the defendant or society and must result in dismissal with prejudice. Our speedy trial rules are tough enough on the prosecution as it is, without making them more so.
>
> In my view a defendant should be made to prove actual prejudice from any delay before dismissal is con-

sidered. In the real world, it is nearly always the defendant who seeks to delay his day of judgment.

Some strictures on the prosecuting attorney are called for, but none so drastic as described by *Striker* and its progeny.

Review denied by Supreme Court July 1, 1987.