[No. 22433–6–I. Division One. August 21, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID
LING, *Appellant.*

*Dawn Monroe* of *Washington Appellate Defender Association,* for appellant.

*David L. McEachran, Prosecuting Attorney,* and *Craig Chambers, Deputy,* for respondent.

SWANSON, J.—David Ling appeals from the judgment and sentence entered following his conviction for second degree burglary. Ling maintains that his CrR 3.3 speedy trial rights were violated when he was tried on the 104th day following the filing of the information. We disagree and affirm.

The relevant dates may be summarized as follows:

| | |
|---|---|
| February 10, 1988 | Information filed charging Ling with second degree burglary; |
| April 11, 1988 | Ling arrested and makes court appearance; released on personal recognizance, subject to conditions of release; |
| April 18, 1988 | Counsel for Ling files written objection to arraignment date; |
| April 20, 1988 | Ling arraigned; counsel renews objection to arraignment date; trial set for May 24, 1988; |
| May 11, 1988 | Ling moves to dismiss, arguing that the trial date was not set within 90 days of filing of information; |
| May 23, 1988 | Trial court denies motion to dismiss; |
| May 24, 1988 | Following bench trial, Ling found guilty as charged. |

Trial occurred on the 104th day after the filing of the information.

Appellant's sole contention is that the 61–day interval here between the filing of the information and Ling's first court appearance was unduly long and thus triggered the rule set forth in *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). In *Striker* our Supreme Court held that

where, contrary to the expectation expressed in the rules, a delay has occurred between the filing of the information and

the bringing of the accused before the court, CrR 3.3 must be
deemed to operate from the time the information is filed.

*Striker,* at 875. The only circumstances that may excuse a
delay under the *Striker* rule are (1) delay caused by the
fault or connivance of the defendant and (2) "any period of
time in which circumstances make it extremely difficult to
identify and find the defendant". *State v. Nelson,* 47 Wn.
App. 579, 583–84, 736 P.2d 686, *review denied,* 108 Wn.2d
1024 (1987). Under the *Striker* rule, a delay of 45 days
between the filing of the information and arraignment has
been found to be unduly long. *State v. Carpenter,* 94
Wn.2d 690, 619 P.2d 697 (1980); a delay of 7 days is insuf-
ficient to trigger the *Striker* rule. *State v. Anderson,* 94
Wn.2d 176, 616 P.2d 612 (1980).

Our analysis is circumscribed by the provisions of CrR
3.3. There is no dispute that the appropriate time for trial
in the instant case was the 90–day period following
arraignment. *See* CrR 3.3(c)(1). CrR 3.3(c)(1) also specifies
the time for arraignment:

**(c) Time for Arraignment and Trial.**
(1) *Cases Filed Directly in Superior Court.* If the defendant
is detained in jail or subject to conditions of release, the
defendant shall be arraigned not later than 14 days after the
date the information or indictment is filed directly in superior
court. If the defendant is not detained in jail or subjected to
conditions of release, the defendant shall be arraigned not later
than 14 days after that appearance in superior court which
next follows the filing of the information or indictment.

For a defendant who is detained in jail or subject to condi-
tions of release, CrR 3.3(c)(1) establishes a fixed time
period for arraignment: no later than 14 days after filing of
the information.

In the instant case, however, Ling was not detained at
the time the information was filed. Under these circum-
stances, CrR 3.3(c)(1) requires that the defendant be
arraigned "not later than 14 days after that appearance in
superior court which next follows the filing of the informa-
tion . . ." Here, the information was filed on February 10,
1988; Ling's next appearance in superior court was on the

day of his arrest, 61 days later, on April 11, 1988. Ling was then arraigned on April 20, 1988, a date within the literal requirements of CrR 3.3(c)(1).

The problem posed by this portion of CrR 3.3(c)(1), however, is that it generally presupposes the defendant will appear in court shortly after the filing of the information. *Cf. State v. Nelson, supra* at 582. That is not what occurred here. CrR 4.1(a), moreover, mandates that a defendant be arraigned "[p]romptly after the . . . information has been filed . . ."

Appellant argues that because the delay between the filing of the information and his first court appearance was unduly long, the 90-day period must be calculated from February 10, 1988, the date the information was filed. Under Ling's analysis, the time for trial expired on May 10, 1988, making dismissal mandatory. CrR 3.3(i).

 Appellant's argument, however, fails to consider the effect of CrR 3.3(c)(4), which provides:

> (4) *Untimely Arraignment.* If a defendant is not arraigned within the time limits of this rule and an objection to the date of arraignment has been made as required by section (e) of this rule, the time for trial established in this section shall commence *on the last day the defendant could properly have been arraigned.*

(Italics ours.) Thus, CrR 3.3(c)(4), in conjunction with CrR 3.3(c)(1), establishes a constructive arraignment date for calculating the time for trial when arraignment is "untimely." When a defendant "is detained in jail or subject to conditions of release," this constructive arraignment date is fixed and can be calculated with certainty: 14 days after filing of the information.

Calculating the last day that a defendant who "is not detained in jail or subjected to conditions of release" can properly be arraigned, the situation here, depends on when the defendant makes a court appearance following the filing of the information. This determination also rests on the

assumption that the defendant will appear in court shortly after filing of the information. Under the circumstances of the instant case, however, the last proper day for arraignment could be no *earlier* than 14 days after the filing of the information. *Cf.* 4A L. Orland, Wash. Prac., *Rules Practice* § 6201 (3d ed. 1983). Even if the defendant appears in court on the day the information is filed, CrR 3.3(c)(1) provides for a 14–day period before arraignment.

Application of CrR 3.3(c)(4) to the instant case created a constructive arraignment date no earlier than February 24, 1988, 14 days after the date of the information. Because the 90–day speedy trial period is calculated from February 24, 1988, the last valid day for trial was May 24, 1988, the day on which Ling was actually tried. *Cf. State v. Day,* 46 Wn. App. 882, 734 P.2d 491 (1987); *State v. Hovland,* 34 Wn. App. 830, 664 P.2d 524, *review denied,* 100 Wn.2d 1010 (1983). Consequently, no CrR 3.3 violation occurred.

We emphasize that our analysis rests upon the strictest possible application of CrR 3.3 to the facts here. That is, we assume, without deciding, that there was undue delay between the filing of the information and Ling's first court appearance within the meaning of *Striker.* We further assume, for purposes of this decision, that Ling properly objected to the date of arraignment as required by CrR 3.3(c)(4). Finally, we assume that there were no excludable periods, either those under the *Striker* analysis or those exclusions enumerated in CrR 3.3(g). We hold only that, pursuant to CrR 3.3(c)(1) and CrR 3.3(c)(4), the time for trial began no earlier than 14 days following the filing of the information. We therefore need not resolve whether or under what circumstances the constructive arraignment date for a defendant who is not detained may be established more than 14 days after filing of the information.

As the State observes, the *Striker* court confronted a substantially different version of CrR 3.3, adopted in 1973,

which calculated the time for trial based on the date of the preliminary appearance. The *Striker* court's decision to consult the *ABA Standards Relating to Speedy Trial* for guidance in establishing the starting date for the speedy trial period when there was an inexcusable delay between the filing of an information and the accused's first court appearance rested expressly on the existence of a "hiatus" in the provisions of CrR 3.3. *Striker,* at 873.

CrR 3.3 has been revised several times since the *Striker* decision; the relevant portions of the current version of CrR 3.3 were adopted in 1980. *See* 93 Wn.2d 1123. These revisions have substantially eliminated the "hiatus" at issue in *Striker.* Literal application of the *Striker* rule would essentially abrogate the express provisions of CrR 3.3(c)(4). A court rule, however, must be construed so that "no word, clause or sentence is superfluous, void or insignificant . . ." *State v. Durham,* 13 Wn. App. 675, 679, 537 P.2d 816 (1975). Moreover, to the extent now permitted by other provisions of CrR 3.3, application of CrR 3.3(c)(4) will in many instances yield results comparable to those under *Striker.*

A substantial number of decisions of this court have recognized, both explicitly and implicitly, the continuing validity of *Striker* under the current version of CrR 3.3. *See, e.g., State v. Hunnel,* 52 Wn. App. 380, 760 P.2d 947 (1988); *State v. Hanson,* 52 Wn. App. 368, 760 P.2d 941, *review denied,* 111 Wn.2d 1030 (1988); *State v. Nelson, supra; State v. Holien,* 47 Wn. App. 124, 734 P.2d 508 (1987); *State v. Baxter,* 45 Wn. App. 533, 726 P.2d 1247 (1986), *overruled on other grounds in State v. Hanson, supra.* These cases, however, are distinguishable. First, the effect to be given CrR 3.3(c)(4) was apparently not raised or considered. Moreover, in each of these cases, the interval between the information and defendant's initial court appearance was so long that application of CrR 3.3(c)(4) would not necessarily have affected the outcome.

Judgment affirmed.

WEBSTER and PEKELIS, JJ., concur.