2 P.3d 1012 (2000)
101 Wash.App. 318
STATE of Washington, Respondent,
v.
Robert Lee KING, Jr., Appellant.
No. 24564-7-II.
Court of Appeals of Washington, Division 2.
June 23, 2000.
*1013 Suzan L. Clark (Court Appointed), Vancouver, for Appellant.
Grant Eugene Hansen, Deputy Pros. Atty., Vancouver, for Respondent.
HOUGHTON, J.
Robert Lee King, Jr. appeals his forgery conviction on grounds his speedy trial rights were violated, specifically alleging that the State did not exercise due diligence in attempting to timely bring him before the court for arraignment. The State bore the burden of demonstrating due diligence and failed to do so. Accordingly, we reverse.

FACTS
The facts are undisputed. On July 30, 1997, King, while in custody on another matter, was interviewed by a Clark County Sheriff's deputy regarding an alleged forgery at a local store. The deputy did not arrest King on the forgery count, but he did determine that King lived at 15212 SE 4th Street in Vancouver.
Meanwhile, in August 1997, shortly after being interviewed regarding the forgery and admitting having attempted to cash a check he suspected was stolen, King moved from his Vancouver home and entered an inpatient drug treatment program at Kitsap Recovery House in Bremerton, a state-funded program. Upon release from Kitsap Recovery House, King lived at a state-funded half-way house in Sumner.
Following completion of the drug treatment program in mid-September 1997, King secured employment at Vadis Northwest, a state contractor. Before being hired, King underwent an extensive background check, including a check of his criminal history. No warrants were discovered.
From mid-September 1997 through October 1998, King resided at a Tacoma address. King paid rent and all bills in his own name, and he filed income tax returns and paid standard payroll taxes.
An information charging King with forgery was filed on November 17, 1997. Due to a typographical error, the summons also issued that day was sent to the wrong address.
The State sent a second summons on December 6, 1997. The sheriff's office attempted service at the SE 4th Street address, but it found King no longer lived there. On the same day, the State also issued a summons *1014 for an address in Oregon. The sheriff's office had found that a Robert L. King, with the same birth date as the suspect, lived there. After attempting service at the Oregon address, authorities discovered that that King was not the person they were looking for. In January 1998, the trial court issued a warrant for King's arrest. Neither the prosecutor nor law enforcement made any efforts to locate King after issuance of the warrant.
During the summer of 1998, a Tacoma police officer contacted King about a domestic violence situation that occurred at a neighboring residence. An officer obtained King's identification and ran a warrants check; that check came back negative.
Also in the summer of 1998, an officer stopped King for an improperly completed trip permit. A warrants check came back negative.
On January 20, 1999, King was arrested on the warrant following a routine traffic stop. King was arraigned on the forgery charge on January 27, 1999.
Following his arrest, King moved to dismiss the forgery charge, claiming a violation of his speedy trial rights because the State did not exercise due diligence in attempting to bring him before the court for arraignment. The trial court concluded that King was amenable to process and did not contribute to the delay in bringing his matter before the court. But the trial court denied King's motion, finding that the State satisfied its due diligence requirement by sending a summons to King's last known address.
At a bench trial on stipulated facts, the court found King guilty of forgery and sentenced him to 22 months in a work ethic camp. The court ordered King released on his own recognizance pending the outcome of this appeal.

ANALYSIS
A 436-day delay occurred between the time the State filed the information (November 17, 1997) and King's arraignment (January 27, 1999). King argues that this constitutes a violation of his speedy trial rights as announced in State v. Striker, 87 Wash.2d 870, 557 P.2d 847 (1976) and its progeny.
The speedy trial rule, CrR 3.3, provides time limits within which criminal defendants must be brought to trial. Although speedy trial calculations generally run from the date of arraignment, State v. Hudson, 130 Wash.2d 48, 53, 921 P.2d 538 (1996), there is an exception. The Striker rule provides that the speedy trial period shall commence at the time the information was filed, instead of the arraignment date, where a "long and unnecessary delay occurs in bringing a defendant who is amenable to process before the court[.]" State v. Greenwood, 120 Wash.2d 585, 591, 845 P.2d 971 (1993) (citing Striker, 87 Wash.2d at 875, 557 P.2d 847). When the requirements of Striker are met, defendants who remain out of custody pending trial "must be brought to trial ... [within] 104 days after the date the information was filed[.]"[1]Greenwood, 120 Wash.2d at 599, 845 P.2d 971. Failure to do so shall require dismissal of the charge with prejudice. CrR 3.3(i).
We must decide whether the Striker rule is triggered in this case. Two requirements must be met. The first is that the delay not result from any fault or connivance on the defendant's part. Greenwood, 120 Wash.2d at 600, 845 P.2d 971. This is not at issue here. The trial court found that King was not at fault and the State has not challenged this finding. Unchallenged findings are verities on appeal. In re Marriage of Brewer, 137 Wash.2d 756, 766, 976 P.2d 102 (1999).
The second requirement is that the delay must have been "long and unnecessary." Striker, 87 Wash.2d at 875, 557 P.2d 847. A delay may be sufficiently "long" if it lasts 45 days or more. State v. Carpenter, 94 Wash.2d 690, 694, 619 P.2d 697 (1980). A delay is "unnecessary" if, while it was occurring, *1015 the State failed to exercise due diligence to bring the defendant before the court, Greenwood, 120 Wash.2d at 601, 604-05, 845 P.2d 971, and the State's failure deprived the defendant of timely notice of the charges. State v. Vailencour, 81 Wash. App. 372, 377, 914 P.2d 767 (1996). The State has the burden of proving due diligence, for it knows what it was doing during the relevant period. State v. Roman, 94 Wash.App. 211, 216, 972 P.2d 511 (1999).
Here, the extensive delay was clearly unnecessary. After service was attempted on King in Vancouver and Oregon, the trial court issued an arrest warrant. It is apparent from the record that the warrant was not timely entered into the State computer system. On two separate occasions between issuance of the warrant, January 30, 1998, and his January 20, 1999 arrest, King's name was checked for warrants and came back negative. Had the State timely entered the warrant into its computer system, King would have been arrested during the summer and brought to trial in the fall. The failure to do so deprived King of what would have otherwise been timely notice and, under the facts of this case, demonstrates a lack of due diligence in attempting to bring King before the court.
The Striker rule is thus properly invoked, and the 436-day delay between charging and arraignment violated King's speedy trial right. King's forgery conviction is reversed.
MORGAN, P.J., and BRIDGEWATER, J., concur.
NOTES
[1] The 104 day period recognizes that although an out-of-custody defendant has a right to go to trial within 90 days of arraignment, the defendant's right to an arraignment hearing does not arise until 14 days after his or her initial appearance in court. CrR 3.3(c)(1).