# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 05-3268

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　　District Court for the District of
　　　　　　　　　　　　　　　　　*　　Nebraska.
Timothy S. DeGarmo,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*


_____

Submitted: March 13, 2006
Filed: June 15, 2006

_____

Before COLLOTON, HEANEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A jury convicted Timothy S. DeGarmo of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 and 846.  DeGarmo appeals, arguing that his speedy trial rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., and the Sixth Amendment were violated, requiring reversal of his conviction and remand with instructions to dismiss with prejudice; that the prosecutor's closing arguments were improper and prejudicial,

requiring a new trial; and that the district court[1] erroneously applied the remedial portion of *United States v. Booker*, 543 U.S. 220 (2005), to DeGarmo's pre-*Booker* criminal conduct, thereby committing an "Ex Post Facto-like Due Process violation." We affirm.

## I.     DISCUSSION

### A.     Speedy Trial Act

The Speedy Trial Act ("STA") requires "that a federal criminal defendant be brought to trial within 70 days of the filing of the indictment or of arraignment, whichever is later." *United States v. Blankenship*, 67 F.3d 673, 675 (8th Cir. 1995) (quotation omitted); *see also* 18 U.S.C. § 3161(c)(1).

Nevertheless, certain periods between indictment or arraignment and trial do not count toward the 70 days set forth in § 3161(c)(1).  18 U.S.C. § 3161(h).  These periods are instead "excluded . . . in computing the time within which the trial of any such offense must commence." *Id.* These "excluded" periods include, relevantly, "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," 18 U.S.C. § 3161(h)(1)(A); "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(F); "delay resulting from transportation of any defendant . . . to or from places of examination or hospitalization, except that any time consumed in excess of ten days from the date [of] an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," 18 U.S.C. § 3161(h)(1)(H); and "delay reasonably attributable to any

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," 18 U.S.C. § 3161(h)(1)(J).

DeGarmo appeals the district court's denial of several motions to dismiss the indictment based upon alleged violations of DeGarmo's STA rights. In examining an alleged STA violation, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Mancias*, 350 F.3d 800, 806 (8th Cir. 2003).

### 1.    DeGarmo's Competency Examination

DeGarmo primarily argues that the days of pretrial delay attributable to a competency examination ordered by the magistrate judge should not be excluded from DeGarmo's STA calculation. DeGarmo contends that, although such delay is normally excludable from an STA calculation, the delay in this case should not be excluded because the magistrate judge improperly relied upon defense counsel's inadequate representations concerning DeGarmo's competency and the magistrate judge therefore lacked "reasonable cause" to order the competency examination. DeGarmo reasons that, because the statute authorizing the district court to order a competency examination, 18 U.S.C. § 4241(a), only allows the court to order the examination for "reasonable cause," the alleged lack of reasonable cause makes all of the delay attributable to his competency examination non-excludable for purposes of his STA calculation.

In the alternative, DeGarmo argues that, even if some of the days attributable to his competency examination can properly be excluded, the excluded period cannot exceed 30 days. DeGarmo reasons that, because the statute governing the procedure for conducting psychological examinations, 18 U.S.C. § 4247(b), provides that, absent good cause, an examination should be completed within 30 days, the excludable delay attributable to DeGarmo's competency examination cannot exceed 30 days.

Accordingly, DeGarmo concludes, because his competency examination took 56 days to complete, 26 of those days must be included in his STA calculation.

Contrary to DeGarmo's arguments, the STA does not adopt either the "reasonable cause" standard set forth in § 4241(a) or the 30-day time limit set forth in § 4247(b). The STA instead provides that STA calculations must exclude "*[a]ny* period of delay . . . resulting from *any* proceeding, including *any* examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1), (h)(1)(A) (emphases added).

We have previously refused to read the word "reasonable" into the STA where Congress declined to include it. Thus, in *United States v. Long*, 900 F.2d 1270, 1276-77 (8th Cir. 1990), we declined to limit the excluded time attributable to an interlocutory appeal to only a "reasonable" period. In *Long*, we relied upon the Supreme Court's rejection of a similar argument in *Henderson v. United States*, 476 U.S. 321, 327 (1986). Refusing to read the word "reasonable" into § 3161(h)(1)(F) of the STA, the Court in *Henderson* reasoned that "Congress clearly knew how to limit an exclusion" to a "reasonable" period, but chose not to do so in § 3161(h)(1)(F). *Id.* Based upon our reasoning in *Long* and the Supreme Court's reasoning in *Henderson*, as well as the plain language of the STA, we refuse to borrow a "reasonable cause" standard or a time limit from another statute and to read them into the STA. We further note that several other circuits have similarly concluded that importing into the STA the 30-day time limit from § 4247(b) would be improper.[2] Accordingly, we hold that the delay attributable to DeGarmo's competency examination was properly excluded from his STA calculation.

---

[2] *See United States v. Taylor*, 353 F.3d 868, 870 (10th Cir. 2003); *United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2001); *United States v. Fuller*, 86 F.3d 105, 106-07 (7th Cir. 1996); *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993).

## 2. Other Errors in DeGarmo's Proffered STA Calculation

DeGarmo argues at various points in his brief that, for purposes of the STA, either 104 or 178 non-excludable days ran between DeGarmo's arraignment and trial. The bulk of the days included by DeGarmo is attributable to his competency examination. DeGarmo's calculation is, however, also premised upon two smaller errors. First, DeGarmo failed to exclude days attributable to the delay between his submission of certain pretrial motions and the district court's decisions on those motions. If oral argument is necessary, the STA excludes from its 70-day limitation all the time between a pretrial motion's filing and the hearing. 18 U.S.C. § 3161(h)(1)(F); *see also Mancias*, 350 F.3d at 808 n.5. If oral argument is unnecessary, the STA excludes all the time between a pretrial motion's filing and completion of any briefing. 18 U.S.C. § 3161(h)(1)(F); *see also Mancias*, 350 F.3d at 808 n.5. Moreover, up to 30 days after hearing or submission is properly excludable if the district court has the motion under advisement. 18 U.S.C. § 3161(h)(1)(J); *see also Long*, 900 F.2d at 1274.

Second, DeGarmo assumed that the STA clock restarted when the magistrate judge issued his report and recommendation. DeGarmo's understanding is incorrect, however, because "[t]he issuance of the report and recommendation began a new excludable period under section 3161(h)(1)(F)." *Id.* at 1275. This is so because the "filing of the report and recommendation . . . in essence serves to re-file the motions, together with the magistrate's study of them, with the district court." *Id.* As such, once the district court receives the magistrate's report, the STA clock will not restart until the district court holds a hearing or until all briefing upon any objections is complete. *Id.* Then, of course, a new 30-day period begins during which the district court can take the motion under advisement. *Id.*

### 3.     The Proper Calculation

Taking into account our holdings above, we have calculated that, for purposes of the STA, only 57 non-excludable days ran between DeGarmo's first appearance and the commencement of his trial.[3] This is well within the 70 days allotted by the STA, and we affirm the district court's denials of DeGarmo's motions to dismiss under the STA.

### B.     Sixth Amendment

DeGarmo also argues that the pretrial delay attributable to his competency examination violated his Sixth Amendment right to a speedy trial.[4] Reversal on Sixth Amendment speedy trial grounds where the STA was not violated would be unusual. *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). To determine if a defendant's Sixth Amendment rights were violated, we examine "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992). The first prong of this test "is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must

---

[3]DeGarmo contends that six days should be included in the STA calculation due to the delay in transporting him for the competency examination. *See* 18 U.S.C. § 3161(h)(1)(H). The Government argues that only two days should be included. Our calculation of 57 days assumes, without deciding, that DeGarmo was correct and that six days were not excludable due to DeGarmo's prolonged transfer time. Irrespective of which party is correct in this regard, DeGarmo was tried within the 70 days allowed by the STA.

[4]DeGarmo does not argue that the totality of the pretrial delay violates his constitutional rights. He argues only that the delay attributable to his competency examination violated his constitutional rights.

allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Id.* at 651-52. Only if the defendant makes this initial showing must this Court then "consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* at 652.

The delay attributable to DeGarmo's competency examination was 76 days (from October 3, 2003, when DeGarmo's attorney moved for an examination until December 19, 2003, when the evaluation was returned). Such a delay is not presumptively prejudicial, *Titlbach*, 339 F.3d at 669-700 (8-month and 13-month delays not presumptively prejudicial), or "uncommonly long," *Taylor*, 353 F.3d at 870 (72-day competency evaluation proper); *Miranda*, 986 F.2d at 1284-85 (106-day delay attributable to competency examination proper). Even if we were to examine *Doggett*'s other prongs, we would find no violation of DeGarmo's Sixth Amendment rights. DeGarmo, not the Government, is responsible for the delay attributable to his examination because his counsel requested it. We are also unpersuaded by DeGarmo's argument that he was prejudiced by the delay because he was essentially unable to participate in his own defense until his competency could be determined. DeGarmo's evaluation was returned on December 19, 2003. He was not tried until May 16, 2005. He also requested and was granted three continuances during which he had sufficient time to prepare for the trial of a relatively simple conspiracy case. For all these reasons, DeGarmo's constitutional speedy trial claim fails as well.

## C.   Closing Argument

DeGarmo next argues that the prosecutor made several improper comments to the jury during closing arguments. The district court has "broad discretion in controlling closing arguments and we will reverse only on a showing of abuse of discretion." *United States v. Eldridge*, 984 F.2d 943, 946 (8th Cir. 1993); *see also United States v. Lopez*, 414 F.3d 954, 960 (8th Cir. 2005).

"To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial." *United States v. King*, 36 F.3d 728, 733 (8th Cir. 1994). Where we deem the prosecutor's comments improper, "we consider the cumulative effect of the improprieties, the strength of the evidence against the defendant, and whether the district court took any curative action." *United States v. Milk*, 447 F.3d 593, 602 (8th Cir. 2006) (citing *United States v. Beckman*, 222 F.3d 512, 526 (8th Cir. 2000)). Generally speaking, reversal is only warranted where the verdict could reasonably have been affected by the alleged misconduct. *Eldridge*, 984 F.2d at 947.

Having carefully reviewed the record, we find no reversible error with respect to the prosecutor's closing argument. Many of the prosecutor's comments were simply proper argument, especially when placed in context. For instance, DeGarmo's argument that the prosecutor improperly enticed the jurors to convict based upon their personal desires rather than the evidence is unpersuasive. DeGarmo claims that the single sentence "If you want to [convict,] you have it in your power to do it" is just such an invitation. But DeGarmo omits reference to the sentences preceding and following that quotation, both of which assert that there is sufficient *evidence* upon which to convict.

Even assuming without deciding that some arguments were improper, we do not find them prejudicial. The comments that arguably approached impropriety were isolated and their cumulative effect would have been minor. When DeGarmo belatedly objected near the end of the prosecutor's closing argument to some of the prosecutor's rebuttal, the district court gave all the curative instructions requested by the defense and more. Moreover, the evidence against DeGarmo was substantial. A dozen witnesses testified against him. These witnesses variously testified that they observed DeGarmo buying large quantities of methamphetamine and selling

methamphetamine in smaller quantities to numerous individuals. At bottom, we find no impropriety warranting reversal.

### D. *Booker* Error

DeGarmo argues that applying the remedial portion of *Booker*, which allows judges to sentence in part based upon judge-found facts so long as the guidelines are only advisory, constitutes an "Ex Post Facto-like Due Process violation." We have repeatedly considered and rejected this argument. *See, e.g., United States v. Wade*, 435 F.3d 829, 832 (8th Cir. 2006) (per curiam).

## II. CONCLUSION

For these reasons, we affirm DeGarmo's conviction and sentence.

_____